UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE DWAIN COPELAND, | § § | |
| *Debtor and Appellant*, | § § | |
| v. | § § | |
| WILLIAM T. NEARY | § § | Civil Action No. 3:20-CV-00348-X |
| *US Trustee and Appellee.* | § § | |

**MEMORANDUM OPINION AND ORDER**

Bruce Dwain Copeland filed a *pro se* notice of appeal seeking review of the Bankruptcy Court's order dismissing his bankruptcy filing. The United States Trustee moved to dismiss for lack of jurisdiction. [Doc. No. 4]. For the reasons below, the Court **GRANTS** the motion to dismiss.

## I. Factual Background

Copeland filed a *pro se* voluntary petition for relief under Chapter 11 of the Bankruptcy Code, his seventh *pro se* bankruptcy filing since 2005Copeland, however, did not comply with the administrative requirements for Chapter 11 debtors. Because Copeland is a frequent bankruptcy filer and failed to comply with the guidelines, the United States Trustee moved to dismiss his bankruptcy case with prejudice to refiling for two years. After the United States Trustee filed this motion, Copeland did not appear at his debtor-creditor meeting, which is required under section 341(a) of the Bankruptcy Code.

1

After an evidentiary hearing, the Bankruptcy Court granted the motion and dismissed the bankruptcy with prejudice to refiling for two years. The Bankruptcy Court entered this order on December 5, 2019. On December 16, 2019, Copeland moved for reconsideration of the Dismissal Order. And on December 18, 2019, the Bankruptcy Court issued an order denying reconsideration. On January 23, 2020, Copeland filed a Notice for Appeal Out of Time seeking review of the Reconsideration Order.

## II. Legal Standard

The United States district courts have jurisdiction to hear appeals of bankruptcy final judgments pursuant to 28 U.S.C. § 158(a). A district court, however, "lacks jurisdiction of an appeal that is not timely filed."[1]

## III. Analysis

Under 28 U.S.C § 158(c)(2), litigants are allowed 14 days, as specified in Federal Rule of Bankruptcy Procedure 8002(a)(1), to appeal an adverse final order in a bankruptcy case.[2] Filing a motion to reconsider tolls this appeal deadline until the motion is resolved.[3] Parties can further extend the timeline for appeal by filing with the bankruptcy court either a motion to extend time to file an appeal before the 14-

---

[1] *In re Robinson*, 640 F.2d 737, 738 (5th Cir. 1981).

[2] *See* 28 U.S.C. § 158(c)(2) ("An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules."); FED. R. BANKR. P. 8002(a)(1) ("a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.").

[3] FED. R. BANKR. P. 8002(b)(1).

day deadline,[4] or, within 21 days after the deadline expires, a motion requesting leave to file a late appeal with a showing of excusable neglect.[5]

The United States Trustee argues that the Court lacks jurisdiction to consider Copeland's appeal because the appeal was filed after the 14-day appeal period, and the bankruptcy court did not grant any extensions to the deadline or special leaves to file an appeal.  Copeland explains that he thought his appeal was an interlocutory appeal and urges the Court to accept the appeal as timely.

The Court agrees with the US Trustee.  The Fifth Circuit has made clear that a district court lacks jurisdiction over an appeal that is untimely filed.  It is undisputed that Copeland filed his appeal after the 14-day appeal deadline and did not attempt to extend the deadline or otherwise cure the lateness through a method proscribed in the Federal Rules of Bankruptcy Procedure.  And even if Copeland's appeal was interlocutory, it would still be untimely.[6]  Therefore, the Court lacks jurisdiction to consider this untimely appeal.  Accordingly, the Court **GRANTS** the motion to dismiss.

---

[4] *Id.* at 8002(d)(1)(A).

[5] *Id.* at 8002(d)(1)(B).

[6] *Id.* at 8004(a)(1) (providing that an appellant must file a notice of appeal "within the time allowed by Rule 8002" to appeal from an interlocutory order).

## IV. Conclusion

For the forgoing reasons, the Court **GRANTS** the Motion to Dismiss for Lack of Jurisdiction.  Copeland's appeal is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** this 16th day of December, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE